UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **FRANK RONALD HOLLINGSWORTH** | * | **CIVIL ACTION NO.:** |
| **AND SALLY HOLLINGSWORTH** | * | |
| *Plaintiffs* | * | |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **OUTBACK STEAKHOUSE OF** | * | **MAGISTRATE:** |
| **FLORIDA, L.L.C.** | * | |
| *Defendant* | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. § 1441 (b) DIVERSITY JURISDICTION**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**TO THE CLERK OF COURT:**

**PLEASE TAKE NOTICE** that defendants, Outback Steakhouse of Florida, LLC (hereinafter sometimes referred to as "Defendant"), with full reservations of any and all exceptions, rights, defenses, and objections, hereby give notice of the removal to this Honorable Court of the State Court Action described and, in support, states as follows:

**BACKGROUND**

1.

Outback Steakhouse of Florida, LLC (hereinafter sometimes referred to as "Outback"), were named as defendant in a civil action commenced on July 27, 2022, in the First Judicial District Court, Caddo Parish, State of Louisiana, entitled *Frank Ronald Hollingsworth and Sally Hollingsworth v. Outback Steakhouse of Florida, LLC*.[1]

---

[1] *See* Plaintiff's Petition for Damages attached hereto as Exhibit "A."

1

2.

Defendant will file a copy of all process, pleadings, notices and orders filed in the state court proceeding after removal in accordance with 28 U.S.C. § 1447(B).

3.

Petitioners claim in their Petition for Damages that on or about August 10, 2019, he was a customer at the Outback located at 8825 Line Avenue, Shreveport, LA .[2]  Petitioner Mr. Hollingsworth asserts that, while at the restaurant he sat in a chair that collapsed under causing him to fall to the floor.[3]  Petitioners allege that Outback failed "its duty to provide a safe environment for its patrons and failed to inspect its chairs for wear, tear and defects or the collapse would not have occurred."[4]  Petitioner Mr. Hollingsworth had previously had back and neck surgeries prior to the incident and was fully recovered and had to have post-accident surgery to repair the hardware.[5]

## DIVERSITY OF CITIZENSHIP

4.

Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this matter based upon diversity of citizenship.

5.

Upon information and belief, Petitioners, Frank Ronald Hollingsworth and Sally Hollingsworth, are residents of Caddo Parish, State of Louisiana, both at the time of filing of this suit and at the time of removal.  Accordingly, Petitioners are citizens of the State of Louisiana.

---

[2] *See* Exhibit "A," para 2.
[3] *See* Exhibit "A" para 2.
[4] *See* Exhibit "A," para 2.
[5] *See id.*, para 6 and 7.

...

6.

Outback Steakhouse of Florida, LLC is organized in the State of Florida with its principal place of business in the State of Florida. Therefore, Outback Steakhouse of Florida, LLC is a citizen of the State of Florida.

**AMOUNT IN CONTROVERSY**

7.

Although Defendant denies liability to Petitioner, upon information and belief, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. In the Petition for Damages, Petitioner Mr. Hollingsworth alleges that he had to under surgery to repair damaged hardware following this accident.[6] He also alleges he has difficulty walking and has severe pain and suffering.[7]. Further, Petitioner Mr. Hollingsworth is seeking past, present and future medical and prescription bills.[8] Mrs. Hollingsworth claims damages for having to car e for her husband and the loss of his society and help in their daily lives.[9]

8.

A defendant shows, by a preponderance of the evidence, that the jurisdictional amount under 28 U.S.C. § 1332 is met in either of two ways: 1) when it is "facially apparent" from a reading of the complaint that the plaintiff's claims are likely to exceed $75,000.00 or 2) when a defendant can show through supporting, summary judgment-type evidence that the plaintiff's claims are likely to exceed $75,000.00.[10]

---

[6] *See* Exhibit "A," para. 6.
[7] *See id.* para. 7.
[8] *See id.*
[9] *See id.* para. 8.
[10] *See Allen R. & H Oil & Gas Co.,* 63 F.3d 1335 (5th Cir. 1995); *Riley v. Wal-Mart Louisiana, LLC*, 15-5729, 2015 WL 9268160 (E.D. La. 12/21/15); *Davis v. State Farm Fire & Cas. Co.*, 06-560, 2006 WL 1581272 (E.D. La. 6/7/06); *Dautriel, et al v. Colgan Air Inc., et al,* 07-CV-1735, 2008 WL 652149 (W.D. La. 1/15/08).

9.

In this case, it is facially apparent from the reading of the complaint that Petitioners claims are likely to exceed $75,000 as Petitioner Mr. Hollingsworth has already undergone surgery, is having difficulty walking and allegedly needs constant care.[11]

10.

Further, as seen in the Petition for Damages, Petitioner does not state that there is a lack of jurisdiction in the United States District Court, as it is required to do under Louisiana Code of Civil Procedure article 893, if federal court jurisdiction is lacking.

11.

Based on the above, Defendant submits that it is readily apparent from the face of the Petitioners filed Petition, that Petitioners' alleged damages, if proven as a matter of law and fact, would exceed the sum of $75,000.00, and Petitioners cannot show that he is legally certain not to be able to recover that amount.

## **REMOVAL IS PROPER**

12.

Outback was both served personally through its registered agent, Corporate Creations Network, Inc. on August 15, 2022.[12] Pursuant to 28 U.S.C. § 1446 (a), please see a copy of all process, pleadings, and orders served upon Outback attached hereto as Exhibit "C"

13.

As such, this Notice of Removal is timely filed within thirty (30) days after service or notice of the pleading setting forth the claims for relief and within one (1) year of the institution of the action.

---

[11] *See* Exhibit "A"
[12] *See* Outback's Sheriff Return attached as Exhibit "B".

14.

The United States District Court for the Western District of Louisiana is the federal judicial district embracing the First Judicial District Court, Caddo Parish, State of Louisiana, where the suit was originally filed. Venue, therefore, is proper in this district under 28 U.S.C. § 1441(a).

15.

This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) in that this is a civil action wherein the amount in controversy exceeds $75,000.00, exclusive of interest and costs, which is derived from the characterization of damages, claims of the Petitioners, Petitioners counsel's refusal to stipulate damages, and the suit is between citizens of different states.

16.

Removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

17.

Promptly after the filing of this Notice of Removal to the United States District Court for the Eastern District of Louisiana, a copy of this Notice will be filed with the Clerk of aforesaid State Court to effect the removal of this civil action to the United States District Court, Eastern District of Louisiana, as provided by law.

**WHEREFORE**, the above premises considered, defendants Outback Steakhouse of Florida, LLC, pray that Civil Action No. 638619-C, pending in the First Judicial District Court, Caddo Parish, State of Louisiana, be removed to this Honorable Court for trial and determination; that all further proceedings in the State Court be stayed; and that Defendants have additional and further relief to which it may be entitled.

Respectfully submitted,

*/s/Annissa M. Alario* _____
DARRIN L. FORTE, Bar No. 26885, T.A.
ANNISSA M. ALARIO, Bar No. 36350
GARRISON, YOUNT, FORTE & MULCAHY, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Email: aalario@garrisonyount.com
*Counsel for Defendants,*
*Outback Steakhouse of Florida, LLC*