UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| FRANK RONALD HOLLINGSWORTH, ET AL | CIVIL ACTION NO. 22-cv-5231 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| OUTBACK STEAKHOUSE OF FLORIDA, LLC | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Frank and Sally Hollingsworth ("Plaintiffs") filed this personal injury action in state court against Outback Steakhouse of Florida, LLC. Outback removed the case based on an assertion of diversity jurisdiction. The court issued an order (Doc. 6) that explained that Outback needed to present additional information if it is to satisfy its burden of establishing complete diversity of citizenship.

Outback filed an amended notice of removal (Doc. 7). It revised its allegation regarding Plaintiffs to clarify that they are domiciliaries and citizens of Louisiana, as opposed to mere residents. That cures that issue.

As for Outback, the court explained in the prior order that, as an LLC, its state of organization or principal place of business is irrelevant. Rather, Outback must allege the citizenship of every member of the LLC and, if those members are themselves entities, their citizenship must be alleged in accordance with applicable rules, through however many layers of members there may be.

Outback stated in its amended notice of removal that it has one member, OSI Restaurant Partners, LLC. It alleged that OSI is a citizen of Florida and Delaware because it is organized in Delaware and has its principal place of business in Florida, but the court plainly explained in the prior order that those facts are not relevant to the citizenship of an LLC. Rather, citizenship for an LLC is based on that of its members.

Outback did go on to state that OSI Restaurant Partners, LLC is "wholly owned by OSI Holdco, Inc., a Delaware company." That is not sufficient. Perhaps this allegation was meant to suggest that OSI Holdco, Inc. is the sole member of the LLC, but that language does not make it clear.[1] There are other means, such as intervening entities, by which one company may "wholly own" another without being an actual member. Ascentium Cap., LLC v. Digital Sign Sols., LLC, 2021 WL 864771 (W.D. La. 2021). Accordingly, Outback must allege with specificity the number and identity of the member(s) of OSI Restaurant Partners, LLC.

If the sole member of OSI Restaurant Partners, LLC is OSI Holdco, Inc., the citizenship of Holdco will have to be alleged with specificity in accordance with applicable rules. The name of OSI Holdco, Inc. suggests that it is a corporation, but the amended notice of removal refers to it only as a "company" without further specificity. If it is a corporation, Outback should say so and then allege (1) the state in which Holdco is

---

[1] Outback's corporate disclosure statement (Doc. 2) does state that "OSI Restaurant Partners, LLC's sole member is OSI HoldCo., Inc." If this were the only information lacking, that would suffice, but because other matters require an amended notice of removal, it is preferable that all required jurisdictional allegations be brought together in that one amendment rather than sprinkled throughout the record where they might be overlooked by a reviewing court.

incorporated and (2) the state where Holdco has its principal place of business. 28 U.S.C. § 1332(c)(1). Failure to allege both of those facts with specificity will not carry a removing party's burden. Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001).

Outback will be allowed until **October 21, 2022** to file a second amended notice of removal and attempt to meet its burden of establishing subject matter jurisdiction. If it is unable to do so, the case may have to be remanded.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 12th day of October, 2022.

Mark L. Hornsby
U.S. Magistrate Judge